■ MAURICE FLAM, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38524.) — REYNOLDS, J. ' Appeal and cross appeal from a judgment of the Court of Claims, awarding the claimant $26,825, plus interest, as direct and consequential damages for the taking of 2.45 acres of unimproved land near Patchogue, Suffolk County, Long Island in connection with the extension of the Sunrise Highway. The claimant had about a 28-acre plot, 21.2 acres zoned residential and 6.5 acres zoned for business, and the State has taken a strip from the portion zoned for business 115

feet wide and over 900 feet in length, along the projected line of the Sunrise Highway. The Court of Claims, although generally agreeing with the State's appraiser that the immediately foreseeable use of all the land was residential, found the business portion taken had a value of $10,000 an acre (as opposed to $2,000 per acre for the 21.2 acres zoned residential) and that the remaining 4.050 business acres were reduced in value as a result of the taking to $9,500 per acre. Thus, it found direct damages of $24,500 and consequential damages of $2,325. Both litigants dispute the award, the State on the ground it is excessive and the claimant on the ground that it is inadquate, and each contends that the testimony of each other's expert had no probative value. The trial court's valuation of $10,000 per acre for the property actually taken, however, is more adequately supported by the record, but we can find no basis to support the award of consequential damages. Concededly the depth of the commercial frontage facing the projected Sunrise Highway was reduced from 300 feet to 185 feet, but claimant still has the whole length of his frontage, narrower but still commercially usable, and it is obvious despite this reduction that the remaining business property benefited materially from the improvement itself. Without the improvement in the instant case most of the business property in question would have had a considerably lower commerical value. In such a case consequential damages to the remaining property must be offset to the extent that such property has been benefited by the improvement (e.g., *Brand* v. *State of New York*, 21 A D 2d 727, 728). On this record we find no basis for the allowance of consequential damages. Judgment modified, on the law and the facts, so as to eliminate the award for consequential damages and reduce the total award to $24,500, and interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.